**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 22, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-10804
Conference Calendar
_____

JOHN LEE THOMPSON, JR.,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
No. 3:01-CV-1810-H
---------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

John Lee Thompson, Jr., a Texas prisoner (# 766659), appeals

the district court's dismissal of his 28 U.S.C. § 2254 habeas

petition as barred by the one-year limitations provision in 28

U.S.C. § 2244(d).  Thompson is serving prison terms of 50 and 60

years for guilty-plea convictions of robbery and aggravated

robbery.

On October 31, 2002, this court granted Thompson a

certificate of appealability ("COA") on whether he was entitled

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

to equitable tolling of the limitations period until the date he received actual notice of the denial of his state postconviction application.  In his appellate brief, however, Thompson has set forth neither factual allegations nor legal authorities in support of an equitable-tolling claim.  Issues must be briefed, even by prisoners proceeding pro se, to be preserved for appeal.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(7) and (9) (appellant's brief must contain a "statement of facts relevant to the issues . . . with appropriate references to the record" and "contentions and reasons for them, with citations to the authorities and parts of the record on which the appellant relies").  By failing to set forth relevant factual references or legal citations, Thompson has effectively abandoned any arguments regarding the dismissal of his habeas petition as time-barred.  See Yohey, 985 F.2d at 224-25.

The judgment of the district court is AFFIRMED.